# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Wendy Annette Moore, ) | |
| ) | |
| Petitioner, ) | Case No. 2:13-0330-RMG |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | **ORDER** |
| ) | |
| ) | |

    This matter comes before the Court on Petitioner's application for relief under 28 U.S.C. § 2255 to vacate the portion of her sentence under 18 U.S.C. § 924(c) on the basis that the statutory language under which she was convicted is unconstitutionally vague. (Dkt. No. 616). The United States has filed a response conceding the merit of Petitioner's application for relief and advising the Court it does not oppose the request to vacate her conviction under § 924(c). (Dkt. No. 627 at 4). For reasons set forth below, the Court grants Petitioner's application for relief to vacate her conviction and sentence under § 924(c).

## Background

    Petitioner was convicted following a jury trial on February 26, 2016 on multiple counts arising out of a murder for hire scheme. The Petitioner's counts of conviction included Conspiracy to Commit Murder for Hire, 18 U.S.C. § 1958(a) (Count One); Solicitation of Murder for Hire, 18 U.S.C. § 373 (Count Two); Murder for Hire, 18 U.S.C. § 1958 (Count Three); and Possession of a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. § 924(c) (Count Four). The Court sentenced Petitioner to 120 months relating to the three murder for hire related counts (Counts One, Two, and Three) and 60 months consecutive on the § 924(c) count

1

(Count Four).  (Dkt. No. 502).  The Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence by an order dated January 20, 2016. *United States v. Moore*, 810 F.3d 932 (4th Cir. 2016).

Petitioner filed her first application for relief under § 2255 on January 24, 2017, asserting various claims of ineffective assistance of counsel against her trial counsel.  (Dkt. No. 558).  The Court denied the application for relief and a certificate of appealability by order dated June 7, 2017.  (Dkt. No. 597).  The Fourth Circuit subsequently denied Petitioner's request for a certificate of appealability on January 16, 2018.  (Dkt. No. 607).

In recent years, significant decisions have been rendered regarding the constitutionality of various criminal statutes containing language concerning "crimes of violence."  These statutes, including § 924(c) under challenge here, contain language defining a "crime of violence" as either having "as an element the use, attempted use, or threatened use of physical force" (known as the "force clause") or involving "a substantial risk that physical force . . . may be used in the course of committing the offense" (referred to as the "residuary clause").  In earlier decisions, involving different but similarly worded statutes, the United States Supreme Court held that the language of such residuary clauses was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2251 (2015); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).   In 2019, both the United States Supreme Court and the Fourth Circuit Court of Appeals applied these earlier precedents to convictions under § 924(c) where the alleged "crime of violence" fell under the residuary clause of the statute. *United States v. Davis*, 139 S. Ct. 2319 (2019); *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (*en banc*).

Petitioner thereafter sought and obtained permission from the Fourth Circuit Court of Appeals to file a second and successive § 2255 petition asserting that Petitioner's conviction

under § 924(c) and 60 month consecutive sentence should be vacated because her conviction relied on the residuary clause of the statute and was void as unconstitutionally vague under *Davis* and *Simms*. (Dkt. No. 616). Petitioner's application did not address her various convictions under Counts One, Two and Three related to murder for hire, in which she has been serving a 120 month sentence.

## Discussion

A conviction for violation of § 924(c) requires that the defendant possess or use a firearm in furtherance of a "crime of violence." As discussed above, it is now settled law that the crime of violence must necessarily involve "the use, attempted use, or threatened use" of force. § 924(c)(3). It is no longer permissible to rely upon the residuary clause ("substantial risk that physical force . . . may be used") to support a § 924(c) conviction.

On first blush, one may assume that a criminal scheme involving murder for hire must involve a crime of violence. However, an examination of the statutory elements of Petitioner's counts of conviction (involving conspiracy to commit murder for hire, solicitation of murder for hire, and murder for hire), reveal that each of these offenses may be committed without the "use, attempted use, or threatened use" of force. For instance, the federal statute criminalizing murder for hire, 18 U.S.C. § 1958, requires that the defendant (a) travel in interstate commerce, (b) cause another to travel in interstate commerce; (c) use the mail or other facility of interstate or foreign commerce; or (d) cause another to use the mail or other facility of interstate commerce to commit murder for hire. All of these elements can be satisfied without the use, attempted use, or threatened use of force.

The Government, after analyzing the statutory language of all each of Petitioner's counts of conviction related to murder for hire, concedes that under controlling legal precedents each of

these crimes can be committed without the "use, attempted use, or threatened use" of force. (Dkt. No. 627 at 2-4). As such, Petitioner is entitled to relief regarding her application that her conviction and sentence under § 924(c) be vacated because it is based on predicate offenses that do not meet the statutory definition of a "crime of violence."

## Conclusion

Petitioner's application to have her conviction and sentence under 18 U.S.C. § 924(c) (Count Four) vacated is **GRANTED**. This order does not address and does not impact Defendant's convictions and sentence for various crimes related to murder for hire (Counts One, Two and Three).

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 4, 2021
Charleston, South Carolina

4